IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARTIZ DEVARIO TILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-066 |
| | ) | |
| AUGUSTA UNIVERSITY MEDICAL | ) | |
| CENTER; OFFICE OF HEALTH | ) | |
| SERVICES UTILIZATION | ) | |
| MANAGEMENT, Georgia Department of | ) | |
| Corrections; MRS. LEMON; MS. YAWN; | ) | |
| TIMOTHY C. WARD; and MS. VICKS, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Telfair State Prison in Helena, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983.  Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I.  SCREENING OF THE AMENDED COMPLAINT

### A.  BACKGROUND

Plaintiff names the following as Defendants:  (1) Mrs. Lemon; (2) Ms. Yawn; (3) Timothy C. Ward; and (4) Ms. Vicks.  (Doc. no. 10, pp. 2-3.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as

follows.

On December 12, 2017, Dr. Lemon and her assistant Mrs. Kates pulled Plaintiff's tooth. (Id. at 5.)  On May 2, 2019, Plaintiff was called by dental to have an x-ray of his upper right gum.  (Id.)  The x-ray revealed a piece of Plaintiff's pulled tooth remained in his gum.  (Id.)  As a result, Plaintiff's gums are infected, and Dr. Bearden prescribed Plaintiff antibiotics.  (Id.)

For relief, Plaintiff seeks injunctive relief. (Id.)

**B.     DISCUSSION**

**1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative

2

level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation."   Iqbal, 556 U.S. at 678.   A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, this liberal construction does not mean that the court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff No Longer Brings Any Claims Against Defendants Augusta University Medical Center and Office of Health Services Utilization Management, Georgia Department of Corrections

As the Court previously explained, (doc. no. 9, p. 5), Plaintiff's amended complaint supersedes and replaces in its entirety the previous complaint filed by Plaintiff.  See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016).  Plaintiff's original complaint named two Defendants, but his amended complaint names four.  (Cf. doc. no. 1 with doc. no. 10.)  Plaintiff does not name his original Defendants in the caption or the separate list of Defendants, and he does not mention them anywhere in the statement of claim in the amended complaint.  Nor does Plaintiff make any allegations associating any of his original named Defendants with a purported

3

constitutional violation, and dismissal is therefore appropriate.  See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law); Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Accordingly, Defendants Augusta University Medical Center and Office of Health Services Utilization Management, Georgia Department of Corrections should be dismissed.

### 3.   Plaintiff Fails to State a Claim Against Defendants Yawn, Ward, and Vicks

The Eleventh Circuit has held that a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.") Plaintiff's only mention of Defendants Yawn, Ward, and Vicks is in his defendant list.  (Doc. no. 10, pp. 2-3.)  To state a valid claim, Plaintiff must specify the actions or omissions by each named defendant and explain how those actions and omissions caused the harm about which he complains.  Plaintiff alleges no facts regarding Defendants Yawn, Ward, and Vicks anywhere in his amended complaint.  Therefore, Plaintiff fails to state a claim against them.

**4.    Plaintiff Fails to State a Valid Deliberate Indifference Claim to a Serious Medical Need Against Dr. Lemon**

Even if the Court were to reasonably infer Plaintiff has brought a claim for deliberate indifference to a serious medical need against Dr. Lemon, Plaintiff fails to state a claim upon which relief can be granted.  To state a claim for deliberate indifference to a serious medical need, Plaintiff must allege:  (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct.  Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege that a defendant (1) was subjectively aware of a serious risk of harm and (2) disregarded that risk (3) by following a course of action which constituted more than mere negligence. Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."  Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).  The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v.

5

Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)).  As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind."  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference.  Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505.  Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference.  Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010). Furthermore, the Court should not second-guess medical judgments.  Wallace v. Sheriff, 518 F. App'x 621, 622-23 (11th Cir. 2013); Smith, 375 F. App'x at 910 ("[W]hether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment.").

Plaintiff cannot demonstrate Dr. Lemon disregarded a risk of serious harm by following a course of action which constituted more than negligence.  Plaintiff complains Dr. Lemon pulled his tooth improperly which resulted in a piece of his tooth remaining in his gums and an

6

infection.  (Doc. no. 10, p. 5.)  Plaintiff then states he would like to sue for medical practice. (Id.)  However, mere allegations of negligence or malpractice do not amount to deliberate indifference.  Campbell, 169 F.3d at 1363-72.  Plaintiff does not allege any facts to suggest deliberate indifference to his serious medical needs.  Estelle, 429 U.S. at 105-06.  As explained by the Eleventh Circuit, the Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good."  Harris, 941 F.2d at 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)).  Therefore, Plaintiff fails to state a claim for relief for deliberate indifference to his medical needs.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of February, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA