FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 APR 14 PM 4:01
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARTIZ DEVARIO TILLER, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV 319-066 |
| AUGUSTA UNIVERSITY MEDICAL CENTER; OFFICE OF HEALTH SERVICES UTILIZATION MANAGEMENT, Georgia Department of Corrections; MRS. LEMON; MS. YAWN; TIMOTHY C. WARD; and MS. VICKS, | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 13.) Although nothing in Plaintiff's objections undermines the Magistrate Judge's recommendations, the Court will briefly address some of his arguments.

The Court recommended dismissal of Plaintiff's claims against Defendants Yawn, Ward, and Vicks for failure to allege any facts that associate the defendants with a purported constitutional violation. (See doc. no. 11, p. 4.) In his objections, Plaintiff now alleges Defendants Yawn and Vicks were deliberately indifferent to his serious medical need because of their "lack of concern to ensure [his] complaint was processed in accordance with procedural policy." (Doc. no. 13, p. 2.) It is impossible to discern the nature of the

complaint to which Plaintiff refers. Nor does Plaintiff provide any information concerning the date of his complaint, to whom it was sent, the response, and each Defendant's role in that response, if any. Plaintiff also alleges Defendant Ward was deliberately indifferent to his serious medical need through his capacity as "head of all medical contracts," but he offers no facts in support of this vague and conclusory allegation. (Id.)

Finally, Plaintiff alleges Dr. Lemon was deliberately indifferent to his serious medical need "out of his failure to access a follow up examination when [Plaintiff] brought the post extraction complaint to the attention of the medical staff at the outset of the problem." (Id. at 3.) The only complaint allegation against Dr. Lemon is that he performed the initial tooth extraction and left a fragment of the tooth in Plaintiff's gum. (Doc. no. 10, p. 5.) There is no allegation Dr. Lemon was the recipient of any post-extraction complaint Plaintiff sent to the "medical staff," or an allegation Dr. Lemon was the person who denied his requests for an appointment. Instead, Plaintiff alleges the dental department conducted an x-ray of his mouth, determined the problem was a piece of tooth that remained after the extraction, and prescribed antibiotics. (Id.) While he believes the proper course of treatment is removal of the tooth fragment that remains, there is no allegation Dr. Lemon decided the course of treatment, and an inmate's mere disagreement with the prescribed course of treatment does not constitute deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010) (explaining a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference).

2

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** Plaintiff's amended complaint for failure to state a claim, and **CLOSES** this civil action.

SO ORDERED this 14th day of April, 2020, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE